IN THE UNITED STATES DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT L. FOREMAN** | : | Case No. 2:21-cv-03981 |
| | : | |
| **Plaintiff,** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| v. | : | **Magistrate Judge Stephanie K. Bowman** |
| | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| | : | |
| **Defendant** | : | |

**<u>OPINION & ORDER</u>**

This matter comes before the Court on the Magistrate Judge's August 22, 2022, Report and Recommendation (ECF No. 17), which recommended that Plaintiff's Statement of Errors (ECF No. 11) be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**. Plaintiff filed an Objection to this Report and Recommendation pursuant to Federal Rule of Civil Procedure 72(b). (ECF No. 18). This Court hereby **ADOPTS** the Report and Recommendation in its entirety based on an independent consideration of the analysis therein.

### I. BACKGROUND

On February 3, 2015, Plaintiff filed a Title XVI application for supplemental security income (SSI), alleging disability began October 12, 2002. (*Id.* at 1). Plaintiff's claim was denied on June 8, 2015, and again on reconsideration on October 2, 2015. (*Id.*). On April 26, 2018, the Administrative Law Judge ("ALJ") denied Plaintiff's claim for Social Security benefits, finding Plaintiff was not disabled under § 1614(a)(3)(A) of the Social Security Act. (*Id.* at 25). The ALJ indeed found that Plaintiff suffers from "disorders of the spine, degenerative joint disease, obesity, anxiety disorder, and mood disorder." (ECF No. 11 at 3). Notwithstanding Plaintiff's physical ailments, the ALJ found that Plaintiff retained the residual functional capacity to perform light

work, albeit with limitations. (*Id.*). Plaintiff's request for review was denied, and the ALJ's decision was adopted as the final decision of the Commissioner. (*Id.* at 2). The Court affirmed that administrative decision. *See Foreman v. Comm'r of Soc. Sec.*, No. 2:19-CV-00454, 2020 WL 1316431, at *3 (S.D. Ohio Mar. 20, 2020).

On January 14, 2019, Plaintiff again filed a Title XVI application for supplemental security income (SSI), alleging that his disability began October 12, 2002. (ECF No. 17 at 3). Plaintiff's claims were denied both initially and on reconsideration. (*Id.* at 4). On December 17, 2020, the ALJ denied Plaintiff's claim for Social Security benefits, finding that Plaintiff was not disabled under § 1614(a)(3)(A) of the Social Security Act. (*Id.*). Although the ALJ there noted that Plaintiff suffered from a litany of severe ailments, she concluded that Plaintiff did not have an impairment that met or medically equaled one of the qualifying impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*). Plaintiff's request for review of this decision was denied, and the ALJ's decision was adopted as the final decision of the Commissioner. (*Id.* at 5).

On June 27, 2021, Plaintiff timely filed an action for review in this Court. (ECF No. 4). On August 22, 2022, the Magistrate Judge issued a Report and Recommendation recommending this Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision. (ECF No. 17). The relevant facts concerning Plaintiff's medical records, as well as the ALJ's opinion, are set forth therein. (*Id.*). Plaintiff timely objected to the Report and Recommendation. (ECF No. 18). This objection rests on the contention that the ALJ erred by: (1) failing to explain how Mr. Foreman's mental health impairments improved; and (2) failing to evaluate properly the mental health opinions of the state agency psychological experts. (*Id.*).

## II. STANDARD OF REVIEW

When reviewing a party's objection to a Report and Recommendation, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings of recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). This *de novo* review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and then to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). The Court "must affirm" the ALJ's opinion unless the judge "has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). In other words, "[i]f the Commissioner's decision is supported by substantial evidence, we must defer to that decision even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.* at 730. Substantial evidence is defined as "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks omitted).

## III. LAW AND ANALYSIS

Plaintiff objects to the Report and Recommendation on two grounds. First, Plaintiff argues that the ALJ failed to explain, in violation of Acquiescence Ruling 98-4(6), its basis for classifying Mr. Foreman's mental health impairments as "not severe" in the December 17, 2020 decision given that it previously classified the impairments as "severe". Second, Plaintiff argues that the ALJ failed to evaluate properly the mental health opinions of the state agency psychological experts in its adjudication. The Court evaluates these objections in turn.

**A. The ALJ Did Not Violate Acquiescence Ruling 98-4(6)**

Acquiescence Ruling 98-4(6) applies the holding in *Drummond v. Comm'r of Soc. Sec.,* 126 F.3d 837 (6th Cir. 1997), to the agency's "disability findings in cases involving claimants who reside in Kentucky, Michigan, Ohio, or Tennessee at the time of the determination or decision on the subsequent claim at the initial, reconsideration, ALJ hearing or Appeals Council level." *Blankenship v. Comm'r of Soc. Sec.,* 624 F. App'x 419, 425 (6th Cir. 2015). As the Sixth Circuit summarized:

> Read together, *Drummond* and Acquiescence Ruling 98–4(6) clearly establish that a subsequent ALJ is bound by the legal and factual findings of a prior ALJ unless the claimant presents new and material evidence that there has been either a change in the law or a change in the claimant's condition.

*Id.* at 425. Plaintiff argues that the record does not support ALJ's finding that Mr. Foreman's mental health impairments are no longer severe. (ECF No. 18 at 2). Additionally, Plaintiff argues that the ALJ erred when it interpreted the lack of evidence of mental health treatment in the record to conclude that Mr. Foreman did not have severe mental health impairments. (*Id.* at 3). The Court finds Plaintiff's contentions to be unavailing.

The social security claimant has the ultimate burden of proving the existence of a disability. *Richardson v. Heckler*, 750 F.2d 506, 509 (6th Cir. 1984). As the Magistrate Judge noted, the ALJ considered "treatment notes, opinion evidence, and Plaintiff's testimony from the period subsequent to the prior decision" in deciding to deny Plaintiff the benefits. (ECF No. 17 at 9). For his part, Plaintiff relies only on his previous application for disability benefits as evidence of severe mental health impairments in his objection to the ALJ decision. (ECF No. 17). In his objections,

4

Plaintiff overlooked the fact that such evidence constitutes "new and material evidence" that might suggest "a change in the claimant's condition." *Blankenship,* 624 F. App'x at 425.

Upon review, the ALJ's decision was supported by evidence in the record. The ALJ is entitled to consider all medical records, including a lack thereof, given Plaintiff's burden to demonstrate his disability. Richardson, 750 F.2d at 509. In denying substantial weight to the May 2019 examination report from Dr. Griffith submitted by Plaintiff attesting to his "moderate and marked limitations," the ALJ determined that Dr. Griffiths' report was not supported by the opinions of the state agency consultants. (ECF No. 17 at 9–10). Consistency and supportability are factors that must be evaluated when determining how much weight to give any medical opinion. 20 C.F.R. § 404.1520c(b)(2); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). At any rate, the record shows that Plaintiff has not placed forth competent evidence of mental limitations that are incompatible with the unskilled work to which the ALJ restricted him. As such, the Court finds, as the Magistrate Judge did, that the ALJ's finding that Plaintiff did not have a qualifying disability is not "unsupported by substantial evidence in the record." *Colvin*, 475 F.3d at 730. For this reason, the Court overrules Plaintiff's objection on this issue.

### B. The ALJ Did Not Violate 20 C.F.R. § 404.1520c

Plaintiff next argues that the ALJ failed to consider the supportability factor when evaluating the state agency psychologists' opinion as required by 20 C.F.R. § 404.1520c(b)(2). Instead, argues Plaintiff, the ALJ "t[ook] on the role of doctor" by making its own determination on Plaintiff's mental health impairments despite the sole mental health evidence—Dr. Griffiths' report and the state agency psychologists' findings—demonstrating Plaintiff suffers from "severe mental health impairments." (ECF No. 18 at 6–7).

5

Supportability and consistency "are the most important" of the factors that an ALJ must consider "when [she] determine[s] how persuasive [she] find[s] a medical source's medical opinions of prior administrative medical findings to be." 20 C.F.R. § 404.1520c(b)(2). The ALJ must "explain how" these factors were considered. *Id.* But the ALJ is not required specifically to use the terms "supportability" or "consistency" in her analysis. *Hardy v. Comm'r of Soc. Sec.*, 2021 WL 4059310 at *2 (S.D. Ohio Sept. 7, 2021). The Court may thus determine that "[t]he ALJ's decision demonstrated that she considered the factors of supportability and consistency in evaluating [medical] opinions." *Id.* at *4.

As defined, "'supportability' means 'the extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation.'" *Id.* at *3 (alterations adopted). There is no indication that the ALJ failed to consider supportability in this case. The contents of the state agency psychologists' opinions are discussed in the record. (ECF No. 8-2 at 24–25). It is clear that the ALJ considered the state agency psychologists' opinions and found the assessments unpersuasive. The ALJ found that, with respect to a physical examination conducted in May 2019, the examination both "document[s] the most significant limitations anywhere in the record," and was inconsistent with "a contemporaneous examination with his orthopedic surgeon" and "the claimant's routinely normal gait in the record." (*Id.* at 24). Further, the ALJ found the state agency psychologists' opinions that the Plaintiff had "severe medically determinable mental impairments" to be inconsistent with the record, which documents no mental health treatment and few complaints." (*Id.* at 25). Even further, the ALJ noted that the Plaintiff failed to raise any mental health complaints at the hearing before the ALJ. (*Id.*).

The ALJ was entitled to conclude that these assessments were unpersuasive because of the ALJ's findings that the assessments were inconsistent with the record in its entirety. This is the

6

inquiry relevant to the "supportability" analysis under 20 C.F.R. § 404.1520c(b)(2). The supportability inquiry concerns how relevant "the objective medical evidence and supporting explanations presented by a medical source are [in] support[ing] . . . [the ALJ's] medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(c)(1). It is not for this Court to "re-weigh the evidence." *Fitzwater v. Comm'r of Soc. Sec.*, No. 1:20-cv-1456, 2021 WL 2555511 (N.D. Ohio June 4, 2021), *report and recommendation adopted*, No. 1:20-cv-1456, 2021 WL 2550985 (N.D. Ohio June 22, 2021). The absence of mental health treatment in the longitudinal record was substantial evidence to support the ALJ's finding on supportability. *See, e.g., Hardy*, 2021 WL 4059310, at *3 (holding that the ALJ's opinion demonstrated supportability where the ALJ noted, as part of the analysis, "plaintiff's failure to seek any treatment for his alleged mental impairments" for a prolonged period of time).

Further, upon review of the ALJ's decision, the Court is satisfied that the consistency factor was also adequately considered as mandated by 20 C.F.R. § 404.1520c(b)(2). The consistency inquiry concerns the degree of consistency between "a medical opinion(s) or prior administrative medical finding(s) . . . [and] other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2). As the Magistrate Judge pointed out, the ALJ found the state agency consultants' assessments to be unpersuasive because they were "inconsistent with the longitudinal record, which documents no mental health treatment and few complaints," including no allegations from the Plaintiff at the October 2020 hearing that he suffered from mental limitations. (ECF No. 17 at 14). The ALJ's findings that the state agency's assessments failed the consistency inquiry were supported by the ALJ's identified inconsistencies between the state agency consultants' assessments and the rest of the record.

Given the ALJ's thorough consideration and analysis of the record, the Magistrate Judge properly recommended affirming the ALJ's decision. Further, this Court's independent review of the ALJ's findings and the administrative record reveals the ALJ's decision was supported by substantial evidence. For this reason, the Court overrules Plaintiff's objection on this issue.

### IV. CONCLUSION

Having independently reviewed the ALJ's findings and the administrative record, this Court concludes that the Commissioner's decision was supported by substantial evidence. Accordingly, Plaintiff's Objections (ECF No. 18) to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Magistrate Judge's Report and Recommendation (ECF No. 17) is **ADOPTED**, and the Commissioner's determination is **AFFIRMED**.

IT IS SO ORDERED.

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 29, 2022**